IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JAMES ALEXANDER LOGAN,
FDOC No. Y00683,
    Plaintiff,

vs.                                                         Case No.:  3:19cv3793/LAC/EMT

J. SCHROCK, et al.,
    Defendants.
_____/

## **REPORT AND RECOMMENDATION**

Plaintiff James Alexander Logan ("Logan"), an inmate of the Florida Department of Corrections ("FDOC"), commenced this civil rights case by filing a complaint under 42 U.S.C. § 1983 (ECF No. 1).  Logan also filed a motion to proceed in forma pauperis (ECF No. 2).

This case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b).  After careful consideration of Logan's litigation history and the allegations of the Complaint, it is the opinion of the undersigned that this case should be dismissed, without prejudice, pursuant to 28 U.S.C. § 1915(g).

I.      STATUTORY "THREE STRIKES" PROVISION

Title 28 U.S.C. § 1915(g) prohibits a prisoner from proceeding in forma pauperis under certain circumstances, as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). A prisoner who is no longer entitled to proceed in forma pauperis must pay the filing fee at the time he initiates his lawsuit, and his failure to do so warrants dismissal of the case without prejudice. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed in forma pauperis pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he initiates the suit"); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001) (stating that after three meritless suits, a prisoner must pay the full filing fee at the time he initiates suit). The only exception is if the prisoner alleges he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *Brown v. Johnson*, 387 F.3d 1344 (11th Cir. 2004).

Case No.: 3:19cv3793/LAC/EMT

## II. DISCUSSION

Logan identified numerous prior federal civil actions and appeals in the "Previous Lawsuits" section of the Complaint, including the following two cases:

- *Logan v. Neel, et al.*, No. 3:11cv646-HWM-TEM, filed in the Middle District of Florida, and

- *Logan v. Crawford, et al.*, No. 19-10906-E, filed in the Eleventh Circuit Court of Appeals.

(ECF No. 1 at 5–7).[1] The court verified on PACER that Logan was a prisoner when he filed each of those cases, and that the respective courts dismissed the case prior to October 20, 2019, the date Logan filed the instant case (*see* ECF No. 1 at 1, 22).[2] The court also verified the nature of the dismissals as follows:

---

[1] The court refers to the page numbers automatically assigned by the court's electronic filing system, rather than the page numbers Logan assigned.

[2] Federal Rule of Evidence 201 permits a court to "judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). However, "the taking of judicial notice of facts is, as a matter of evidence law, a highly limited process. The reason for this caution is that the taking of judicial notice bypasses the safeguards which are involved with the usual process of proving facts by competent evidence in district court." *Shahar v. Bowers*, 120 F.3d 211, 214 (11th Cir. 1997) (per curiam) (en banc). "In order to fulfill these safeguards, a party is entitled to an opportunity to be heard as to the propriety of taking judicial notice." *Dippin' Dots, Inc. v. Frosty Bites Distrib., LLC*, 369 F.3d 1197, 1205 (11th Cir. 2004) (quotation marks omitted and alteration adopted). Rule 201 does not require courts to warn parties before taking judicial notice of some fact, but, upon the party's request, it does require an opportunity to be heard after the court takes notice. Fed. R. Evid. 201(e). Logan is hereby advised that if he disputes the accuracy of the facts taken from PACER, or if he otherwise wishes to be heard on the propriety of the court's taking judicial notice of those facts, he must do so in an objection to this Report and Recommendation. *See Paez v. Sec'y, Fla. Dep't of Corr.*, 931 F.3d 1304, 1308 (11th Cir. 2019) (district court properly took judicial notice where petitioner had opportunity to object to report and

Case No.: 3:19cv3793/LAC/EMT

- *Logan v. Neel, et al.*, No. 3:11cv646-HWM-TEM, dismissed under § 1915(e)(2)(B). *See Logan v. Neel, et al.*, No. 3:11cv646-HWM-TEM, Order, ECF No. 6 (M.D. Fla. July 14, 2011).

- *Logan v. Crawford, et al.*, No. 19-10906, dismissed as frivolous. *See Logan v. Crawford et al.*, No. 19-10906, Order (11th Cir. May 29, 2019), Order (denying motion for reconsideration) (11th Cir. July 16, 2019).

The court further notes that in the complaint of another of Logan's cases currently pending in this court, *Logan v. McCranie, et al.*, Case No. 3:19cv3513/MCR/EMT, Logan disclosed an additional Middle District case which he did not disclose in the instant Complaint, specifically, *Logan v. Cherry, et al.*, Case No. 3:19cv608-TJC-JRK. *See Logan v. McCranie, et al.*, Case No. 3:19cv3513/MCR/EMT, Complaint at 3, ECF No. 1 (N.D. Fla. Sept. 19, 2019). According to PACER, the Middle District dismissed the case on October 2, 2019, for failure to state a claim on which relief may be granted, pursuant to § 1915(e)(2)(B)(ii). *See Logan v. Cherry, et al.*, Case No. 3:19cv608-TJC-JRK, Order of Dismissal Without Prejudice, ECF No. 10 (M.D. Fla. Oct. 2, 2019).

Each of the three cases identified *supra* qualifies as a "strike" for purposes of § 1915(g). Therefore, Logan may not litigate the instant case in forma pauperis

---

recommendation after magistrate judge took judicial notice of dates from petitioner's state court dockets, but petitioner did not ask to be heard, dispute accuracy of judicially noticed facts, or indicate he lacked the ability to dispute state court dockets).

Case No.: 3:19cv3793/LAC/EMT

unless he demonstrates he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *Brown*, 387 F.3d at 1344.

When determining whether a plaintiff has met his burden of proving he is in imminent danger of serious physical injury, the court must look to the complaint, construing the allegations liberally and accepting them as true. *See Brown*, 387 F.3d at 1350; *see also Jackson v. Reese*, 608 F.2d 159, 160 (5th Cir. 1979); *McAlphin v. Toney*, 281 F.3d 709, 710 (8th Cir. 2002). General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g). *See Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003). The plaintiff must allege and provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury," *id.*, and vague allegations of harm and unspecific references to injury are insufficient. *White v. State of Colorado*, 157 F.3d 1226, 1231 (10th Cir. 1998).

A claim by a prisoner that he faced a past imminent danger is an insufficient basis to allow him to proceed in forma pauperis pursuant to the imminent danger exception. *See Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) ("imminent danger" exception is not triggered where the threat of assault by other prisoners ceased to exist when plaintiff was placed in administrative confinement

prior to filing his civil rights complaint); *see also Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002) ("imminent danger" exception is narrowly construed and available only "for genuine emergencies," where "time is pressing," and "a threat . . . is real and proximate"). Moreover, "imminent danger" is assessed at the time the complaint is filed, not at the time of the alleged incident. *See Abdul-Akbar v. McKelvie*, 239 F.3d 307, 213 (3d Cir. 2001).

Here, Logan sues thirteen correctional officers at Santa Rosa Correctional Institution (ECF No. 1 at 2–4). Logan claims that Defendants violated his rights under the First, Fifth, and Eighth Amendments in August of 2019 by (1) placing him on "strip status" for 72 hours (i.e., removing his mattress, sheets, pillow, blanket, uniform, and towels from his cell), (2) pushing his body and face against the wall and steel door of his cell during the course of placing him on strip status, and (3) issuing a false and retaliatory disciplinary report (*id.* at 8–22). Logan alleges as a result of Defendants' conduct, he was deprived of his property for 72 hours, his face was swollen, he spent time in disciplinary confinement, he was continued on Close Management I status, and his recreation and canteen privileges were suspended (*id.*). As relief, Logan requests compensatory damages for physical and emotional injuries, punitive damages, and release from Close Management status (*id.* at 22–28).

Logan's allegations do not suggest that at the time he filed the Complaint, on October 20, 2019, he was suffering ongoing **serious physical injury**, or that there was a likelihood of **imminent serious physical injury** as a result of any Defendant's conduct. Therefore, his allegations fail to show he qualifies to proceed under the "imminent danger" exception of § 1915(g).

Because Logan did not pay the $400.00 filing fee at the time he commenced this civil rights action, and because he is not entitled to proceed in forma pauperis, this case should be dismissed. Dismissal is required if a "three striker" does not pay the filing fee at the time he submits the complaint. *See Dupree*, 284 F.3d at 1236. Therefore, the court should not grant Logan an opportunity to pay the fee. Dismissal should be without prejudice to Logan's initiating a new cause of action accompanied by payment of the $400.00 filing fee in its entirety.

Accordingly, it is respectfully **RECOMMENDED**:

1. That Plaintiff's motion to proceed in forma pauperis (ECF No. 2) be **DENIED**;

2. That this case be **DISMISSED**, pursuant to 28 U.S.C. § 1915(g), **without prejudice** to Plaintiff's initiating a new cause of action accompanied by payment of the $400.00 filing fee in its entirety; and

3. That the clerk of court enter judgment accordingly and close the case.

Case No.: 3:19cv3793/LAC/EMT

At Pensacola, Florida this 28<u>th</u> day of October 2019.

*/s/ Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

# NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections must be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**